IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN S. GRIMMOND, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20-cv-00231 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WARDEN J.C. STREEVAL, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Brian S. Grimmond, a federal inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, attacking his continued detention. Respondent has filed a motion for summary judgment, arguing that Grimmond's sentence has been properly calculated and he is not entitled to release at this time. Grimmond did not file any opposition to the motion, and the time for doing so has long passed.

For the reasons set forth herein, the court concludes that respondent is entitled to judgment as a matter of law and will grant the motion for summary judgment.

I. BACKGROUND

**A. Procedural History**

Grimmond filed the petition on April 22, 2020. Respondent subsequently filed the motion for summary judgment, with accompanying memorandum and attachments. (Dkt. Nos. 4, 5, 5-1–5-10.) Grimmond has not filed a response, despite being given notice and an opportunity to do so. (Dkt. No. 6.)

**B. Factual Background**

    **1. The "D.C. case"**

On June 30, 1992, District of Columbia ("D.C.") authorities arrested Grimmond on charges of aggravated assault and detained him. Grimmond escaped from custody on July 7,

1

1992, but he was arrested two days later by Maryland state authorities, who turned Grimmond over to the Commonwealth of Virginia, where he was wanted on first-degree murder and malicious wounding charges.

After he had been found guilty and sentenced in Virginia, Grimmond was "borrowed" by D.C. authorities on a writ of habeas corpus *ad prosequendum* on July 26, 1993. He was convicted on September 16, 1993, in the D.C. Superior Court after pleading guilty. On November 9, 1993, Grimmond was sentenced to 12 years to life in prison, which included a five-year mandatory minimum sentence, consecutive to his sentence in the Virginia case. He received 22 days of prior custody credit toward his sentence in the D.C. case. Grimmond was returned to Virginia by return writ on December 2, 1993. He began serving his sentence in the D.C. case when he was paroled in the Virginia case on March 15. 2005.

Although Grimmond has been eligible for parole in the D.C. case since 2015, he has been denied twice. His next hearing is scheduled for November, 2021.

**2. The "Virginia case"**

As noted above, Maryland law enforcement officers arrested Grimmond following his escape from custody in D.C. and turned him over to Virginia state authorities on July 9, 1992. On June 3, 1993, Grimmond was found guilty of first-degree murder and malicious wounding by a jury in Charlottesville Circuit Court in the Virginia case. He was sentenced on July 23, 1993, to 40 years' imprisonment on the murder charge and an additional five years on the malicious wounding charge.

On March 15, 2005, Grimmond satisfied his sentence in the Virginia case and was paroled to the custody of federal authorities to continue serving his sentence in the federal case

(see below), most of which ran concurrently with his state sentence, and to begin serving his consecutive sentence in the D.C. case.

### 3. The "federal case"

On April 22, 1993, Grimmond was indicted by a grand jury in the Western District of Virginia on federal gun and drug charges. However, prosecution of those charges was delayed due to Grimmond's proceedings in the D.C. and Virginia cases. While he was serving his sentence in the Virginia case, federal authorities "borrowed" Grimmond from Virginia pursuant to a writ of habeas corpus *ad prosequendum* on February 28, 1996. Grimmond's federal trial began on July 23, 1996. He was convicted by a jury on four counts: conspiracy to distribute cocaine, conspiracy to carry or use a firearm during and in relation to a drug trafficking crime, and conspiracy to possess a firearm by a convicted felon (Count 1); conspiracy to distribute cocaine base (Count 2); carrying or using a firearm during and in relation to a drug trafficking crime (Count 5); and possession of a firearm by a convicted felon (Count 6). On October 18, 1996, Grimmond was sentenced to terms of imprisonment of 60 months on Count 1, life on Count 2, 60 months on Count 5, and 60 months on Count 6. The U.S. District Court ordered that Grimmond's sentences for Counts 1, 2, and 6 run concurrently with each other and with his previously imposed sentences in the Virginia and D.C. cases. The court also ordered that the sentence for Count 5 be served consecutive to the sentences on Counts 1, 2, and 6 and consecutive to Grimmond's state and D.C. sentences. Grimmond received a total of 387 days of prior custody credit toward his federal sentence. He was returned to Virginia state custody by return writ on November 8, 1996, where he continued serving his sentence in the Virginia case and began serving his sentence in the federal case. Grimmond appealed, but the Fourth Circuit

affirmed his convictions on March 6, 1998. *See United States v. Grimmond*, 137 F.3d 823, 826 (4th Cir. 1998).

Following passage of the First Step Act of 2018, Grimmond filed a motion for reduction of sentence in the U.S. District Court for the Western District of Virginia. On June 19, 2019, the district court granted Grimmond's motion and reduced his sentence in the federal case to time served.

**C. Petition**

As noted above, in April of 2020 Grimmond filed a habeas petition pursuant to 28 U.S.C. 2241 in this court. Grimmond argues that when his federal sentence was reduced to time served on June 19, 2019, he should have been released on parole. (Pet. 5, Dkt. No. 1.)[1] He asserts that once the sentence in the federal case was reduced to time served, the shorter sentence in the D.C. case was also completed. (*Id.* 3.)

## II. DISCUSSION

The standard for review on a motion for summary judgment is well-settled. The court should award summary judgment only when the pleadings, responses to discovery, and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson***,** 477 U.S. at 248. Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence

---

[1] For clarity, citations to documents filed by the parties refer to the page numbers generated by the court's electronic filing system (ECF).

is such that a reasonable party could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citation omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b); *see also Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (unpublished) (per curiam) ("Under 18 U.S.C. § 3585(b) (1988), a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."); *Barbati v. Warden, USP Lee County*, No. 7:13-cv-00048, 2013 WL 3367536, at *3 (W.D. Va. July 5, 2013) ("Thus, by statute, the BOP cannot grant prior custody credit for time served before commencement of

the defendant's federal sentence, if the prisoner has received credit for that custody toward another sentence." (citing *Brown*, 977 F.2d 574)).

"When an inmate has sentences imposed by two different sovereigns, such as federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *McCollough v. O'Brien*, No. 7:06-cv-00712, 2007 WL 2029308, at *1 (W.D. Va. July 10, 2007); *see also United States v. Clark*, No. 7:15-cr-0024, 2020 WL 1892315, at *1 (W.D. Va. Apr. 16, 2020) (citing *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998)). A state with primary jurisdiction over an inmate "does not relinquish primary jurisdiction by allowing federal authorities to borrow the inmate under a writ ad prosequendum." *McCollough*, 2007 WL 2029308, at *1. Rather, "[p]rimary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence." *Silva-Rodriguez v. O'Brien*, No. 7:09-cv-00497, 2010 WL 2326539, at *2 (W.D. Va. June 9, 2010).

According to Grimmond, he "has done the front number of his D.C. sentence twice and . . . should be immediate[ly] released." (Pet. 3, Dkt. No. 1.) He is mistaken.

Here, as delineated above, Grimmond received three sentences from three different sovereigns: the Commonwealth of Virginia, the District of Columbia, and the federal government. Grimmond was arrested first by the District of Columbia in the D.C. case, (Erickson Decl. ¶ 5, Dkt. No. 5-1),[2] and D.C. authorities thereby obtained primary jurisdiction over him, *see McCollough*, 2007 WL 2029308, at *1. However, he escaped, was arrested by

---

[2] Respondent included the Declaration of Bryan Erickson (Erickson Decl.), a Correctional Programs Specialist at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas (Erickson Decl. ¶ 1, Dkt. No. 5-1), and attachments with his memorandum.

6

Maryland authorities, and turned over to Virginia, where he faced charges of first-degree murder and malicious wounding in the Virginia case. (Erickson Decl. ¶¶ 6–7.) At that point, Virginia obtained primary jurisdiction over Grimmond, and Virginia maintained primary jurisdiction until he was paroled from his sentence in the Virginia case on March 15, 2005. *See Silva-Rodriguez*, 2010 WL 2326539, at *2; (Erickson Decl. ¶ 15).

Grimmond then started serving his sentence in the D.C. case, which began to run only after he completed his sentence in the Virginia case, (Erickson Decl. ¶ 15), and D. C. regained primary jurisdiction over Grimmond at that point, *see McColllough*, 2007 WL 2029308, at *1. As noted above, the D.C. Superior Court had imposed the 12 years to life sentence for aggravated assault on November 9, 1993, in the D.C. case. (Erickson Decl. ¶ 10; *id.*, Att. C, Dkt. No. 5-4.) However, the Superior Court ordered that the sentence in the D.C. case be consecutive to the sentence in the Virginia case. (Erickson Decl. ¶ 15.) Therefore, Grimmond did not begin serving his sentence in the D.C. case until March 15, 2005, (*id.* ¶¶ 15, 21), and he continues to serve that sentence, *McCollough*, 2007 WL 2029308, at *1.

The federal court was the last to sentence Grimmond, which it did on October 18, 1996. (Erickson Decl. ¶ 13*; id.*, Att. E, Dkt. No. 5-6 at 1.) The U.S. District Court ordered that the sentences in the federal case (with the exception of the sixty-month term of imprisonment for Count 5) run concurrently with each other and with the sentences in the Virginia and D.C. cases. (Erickson Decl. ¶ 13; *id.*, Att. E at 2.) When Grimmond completed his sentence in the Virginia case on March 15, 2005, he started serving his consecutive sentence in the D.C. case and continued serving the concurrent sentences in the federal case. (Erickson Decl. ¶ 15.) When he began serving his sentence in the D.C. case, D.C. regained primary jurisdiction over Grimmond and continues to maintain primary jurisdiction over him. *See McCollough*, 2007 WL 2029308,

at *1.  The fact that he was also serving his concurrent sentences in the federal case did not divest D.C. of primary jurisdiction.  *See Silva-Rodriguez*, 2010 WL 2326539, at *2.  When the U.S. District Court reduced Grimmond's sentence in the federal case, (Erickson Decl., Att. I, Dkt. No. 5-10), Grimmond continued to serve his sentence in the D.C. case.

As previously noted, a sovereign, in this case D.C., retains primary jurisdiction "until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence."  *Silva-Rodriguez*, 2010 WL 2326539, at *2.  Thus, the fact that the U.S. District Court subsequently reduced Grimmond's sentence in the federal case to time served had no impact on D. C.'s primary jurisdiction over Grimmond or on the continuation of Grimmond's consecutive sentence in the D.C. case.  Nor did the fact that the federal court ordered that most of his sentences in the federal case be concurrent with his other sentences alter the fact the D.C. Superior Court had previously ordered that Grimmond's sentence in the D.C. case be consecutive to the sentence in the Virginia case.  Grimmond must continue to serve the remainder of his sentence in the D.C. case until it is satisfied or he is paroled.

Grimmond has provided nothing to counter respondent's statement of the facts beyond his allegations in the petition that he should have been released on parole when the U.S. District Court reduced his sentence in the federal case to time served and that he has completed his sentence in the D.C. case.  He submitted no counter-affidavits or declarations, or any other evidence, in opposition to respondent's motion.  Respondent, on the other hand, has supported his motion with the Erickson Declaration and attached court and BOP records.  "When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or depositions, answers to interrogatories, and admissions on file, designate specific

facts showing that there is a genuine issue for trial." *Shahan v. Ormond*, No. 3:18-cv-200, 2018 WL 6681210, at *2 (E.D. Va. Dec. 19, 2018) (quoting *Celotex Corp.*, 477 U.S. at 324) (internal quotation marks omitted). Grimmond has not demonstrated a genuine issue of material fact, and, therefore, the court concludes that respondent is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated, the court will grant respondent's motion for summary judgment and dismiss Grimmond's petition for writ of habeas corpus pursuant to § 2241 with prejudice. An appropriate order will issue this day.

Entered: March 29, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge